# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| N.B., A MINOR, BY HER PARENTS, NATURAL GUARDIANS, AND NEXT FRIENDS DWAN BRAY AND AARON BRAY, | ) ) ) ) | CASE NO. 1:20-CV-699 |
| | ) | DISTRICT JUDGE TIMOTHY S. |
| Plaintiffs, | ) ) | BLACK |
| | ) | Magistrate Judge Karen L. Litkovitz |
| vs. | ) ) | |
| | ) | **PLAINTIFFS' MOTION FOR** |
| BON SECOURS MERCY HEALTH, INC., *et al.*, | ) ) | **REMAND WITH LEAVE TO CONDUCT JURISDICTIONAL** |
| | ) | **DISCOVERY** |
| Defendants. | ) | |

## MOTION

Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray, request that this Court remand this action in accordance with 42 U.S.C. § 233(c) and 28 U.S.C. § 1447(c). Leave should also be granted to conduct jurisdictional discovery before the merits of this Motion are adjudicated. A Memorandum in support of these requests follows.

Respectfully Submitted,

s/ *Myles J. Poster*

Myles J. Poster, Esq. (PHV001)
**WAIS, VOGELSTEIN, FORMAN & OFFUTT, LLC**
1829 Reisterstown Road, Suite 425
Baltimore, Maryland 21208
T: (410) 998-3600
F: (410) 998-3680
myles@malpracticeteam.com

s/ *Daniel N. Moore*

Daniel N. Moore, Esq. (#0076430)
Donald C. Moore, Jr., Esq. (#0003945)
Kelly W. Thye, Esq. (#0073630)
**THE MOORE LAW FIRM**
1060 Nimitzview Drive, Suite 200
Cincinnati, Ohio  45230
danmoore@moorelaw.com

s/*Paul W. Flowers*

Paul W. Flowers, Esq. (#0046625)
Louis E. Grube, Esq. (#0091337)
**PAUL W. FLOWERS, CO., L.P.A.**
Terminal Tower, 40th Floor
50 Public Square
Cleveland, Ohio 44113
(216) 344-9393
pwf@pwfco.com
leg@pwfco.com

*Attorneys for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

**MEMORANDUM**

## I.  BACKGROUND

This medical malpractice action was originally commenced in the Hamilton County Court of Common Pleas on April 30, 2020.  *Doc#:13, Plaintiffs' Complaint; PageID#:260.*  The Complaint alleged that on or about April 20, 2015, Plaintiff Dwan Bray ("Mrs. Bray") began prenatal care for her pregnancy at Christ Hospital Physicians—Obstetrics and Gynecology ("Christ OBGYN").  *Id., p. 7, ¶ 22; PageID#:266.*  Around her 27th week of pregnancy, Mrs. Bray transitioned to midwifery and parallel obstetrical care with Defendants Brown County Women's Health, LLC and Brown County Women's Health, Inc. (collectively "Brown County Women's Health") in anticipation of a planned home birth.  *Id., p. 8, ¶ 27-28; PageID#:267.*  On October 23, 2015, her blood pressure was reported as hypertensive by her midwife.  *Id., ¶ 29.*  At subsequent visits her blood pressure was again reported as hypertensive and this finding was known and communicated to both her midwives and physicians at Brown County Women's Health. *Id., pp. 8-9, ¶ 29-34; PageID#:267-268.*

On November 11, 2015, Mrs. Bray's condition worsened as she reported the onset of a headache, continued hypertension, light sensitivity and blurred vision to her midwife and a Brown County Women's Health physician, who suggested evaluation by Defendants, Mercy Health—Anderson Hospital LLC and Bon Secours Mercy Health, Inc. (collectively "Anderson Hospital").  *Doc#:13, Plaintiff's Complaint, p. 9, ¶ 35; PageID#:268.*  By this time, Mrs. Bray had reached 37 weeks and three days gestation. *Id., p. 10, ¶ 36; PageID#:269.*  Roughly two hours after admission at 5:35 p.m., the hospital's house obstetrician, Timothy J. Thress, M.D. ("Dr. Thress"), arrived at her bedside.  *Id., ¶ 41.*  Following his assessment, he charted a number of clinical signs consistent with preeclampsia and gestational hypertension.  *Id.*  Inexplicably, however,

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

those conditions were never formally diagnosed.  *Id., p. 11, ¶ 42; PageID#:270.*  Despite her clinical presentation, Mrs. Bray was discharged from Anderson Hospital a short time later at 7:47 p.m.  *Id., ¶ 43-44.*

Nine days afterward on November 20, 2015, Mrs. Bray "was admitted to Mercy Health—Anderson Hospital with complaints of contractions and decreased fetal movement."  *Doc#:13, Plaintiffs' Complaint, p. 11, ¶ 46; PageID#:270.*  At 6:45 p.m., Plaintiff N.B. was delivered by emergent cesarean section delivery at 38 weeks, 5 days gestation.  *Id., p. 12, ¶ 50; PageID#:271.*  At the time of birth, N.B. "was not breathing and required immediate neonatal resuscitation."  *Id., ¶ 51.*  She was eventually rushed to the Neonatal Intensive Care Unit at Cincinnati Children's Hospital for lifesaving treatment. *Id., ¶ 53.*  Neuroimaging studies performed upon her admission "confirmed findings consistent with hypoxic-ischemic brain damage."  *Id., ¶ 54.*

After the state court action had been pending for more than four months, the United States Government filed a Notice of Removal in this Court on September 8, 2020. *Doc#:1, Defendants' Notice of Removal; PageID#:1.*  It was asserted that Dr. Thress had been an employee of HealthSource of Ohio, Inc. ("HealthSource"), which in turn had been "deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a) at the time of the alleged incident out of which Plaintiffs' action arose."  *Id., pp. 1-2, ¶ 3.* Without any supporting documentation, the Government further represented that both Dr. Thress and HealthSource were "acting within the scope of" their employment with the Public Health Service ("PHS") at this time.  *Id., p. 2, ¶ 4.*  HealthSource is not, and never has been, a defendant in this action.

As permitted by 42 U.S.C. § 233(c) and 28 U.S.C. § 1447(c), Plaintiffs now seek an opportunity to conduct jurisdictional discovery in support of their request for a remand of this action.

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

## II.     STANDARDS

It is firmly established that "the removal statutes are to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993) (citations omitted); *see also Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000).  All doubts must be resolved in favor of a remand.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).  This policy safeguards the constitutionally sanctioned respect that is due to state governments.  *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700, 78 L. Ed. 1248 (1934).

> [T]he removal of civil cases to federal court is a serious infringement upon state sovereignty and should not be allowed without "[d]ue regard for the rightful independence of state governments...." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *see also, Employers Ins. of Wausau v. Certain Underwriters at Lloyd's*, 787 F.Supp. 165, 166 (W.D.Wis.1992).  Consequently, the provisions of the removal statute are strictly construed. *Employers Ins.*, 787 F.Supp. at 166.

*Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1075 (E.D. Wis. 1993).

The party seeking to litigate in Federal Court bears the ultimate burden of proof on the question of jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).  As explained in *Callahan v. Callahan*, 247 F. Supp. 2d 935, 939 (S.D. Ohio 2002), quoting *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990):

> When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976).  The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993).  The district court has "wide discretion to allow affidavits, documents and

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

> even a limited evidentiary hearing to resolve disputed jurisdictional facts."

*See also Scaccia v. Lemmie*, 236 F. Supp. 2d 830, 834-35 (S.D. Ohio 2002).

## III.   ANALYSIS

Federal subject matter jurisdiction has been asserted in this case strictly upon the theory that Dr. Thress was acting as a duly appointed federal employee through HealthSource when he evaluated Mrs. Bray, a privately insured patient, at Anderson Hospital, a privately owned facility, on the evening of November 11, 2015.  *Doc#:1, Defendants' Notice for Removal; PageID#:1.*  At no time did Mrs. Bray ever knowingly receive care at a HealthSource facility, nor was she ever informed by "house officer" Dr. Thress or the nursing staff that any of the healthcare practitioners provided by the Hospital were purportedly acting as federal employees.  *Declaration of Dwan Bray executed October 7, 2020 ("Bray Decl."), ¶ 2-7, attached as Exhibit 1.*  And as previously observed, HealthSource is <u>not</u> a defendant in this action.

Congress has provided that the Federal Torts Claims Act ("FTCA") is the exclusive remedy for claims of medical malpractice that have been brought against "any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment[.]"  *42 U.S.C. § 233(a).*  Physicians across the country, particularly obstetricians, are now applying for such appointments in increasing numbers, as refuge under the FTCA avoids the prospect of jury trials.  And perhaps more significantly, a trap for the unwary is created because 28 U.S.C. § 2401(b) generally requires an administrative claim to be submitted to the appropriate federal agency within two years of the cause of action's accrual, or else the civil action may be forever barred. *See Severtson v. United States*, 806 F. Supp. 97, 100-01 (Ed. La. 1992).  The problem is particularly acute for minor plaintiffs like N.B., as under the laws of virtually every state they enjoy much longer periods in which to commence litigation.  *See Santos v. United*

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

*States*, 559 F.3d 189 (3d Cir. 2009).  Indeed, Ohio jurisprudence provides, at a minimum, that Plaintiffs' statute of limitations will not expire before one year following N.B.'s eighteenth birthday, which affords Plaintiffs at least thirteen more years to initiate a timely malpractice action in Ohio state court.  *Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 2007-Ohio-971, 862 N.E.2d 489, ¶ 5.

To make matters worse, federal law does <u>not</u> require physicians who have been deemed as employees of the PHS to alert their patients that they can only be sued under the FTCA.  Consequently, few of them make any effort to do so.  At most, the facilities (not the individual physicians) protected under federal law can be found with the "Federal Tort Claims Act Search Tool" located deep within the United States Health Resources and Services Administration ("HRSA") website.[1]

With regard to the instant action, Dr. Thress' name does not appear anywhere in that listing, nor does Anderson Hospital, the private facility where Mrs. Bray presented for care on November 11, 2015.[2]  And while HealthSource has been identified on the HRSA website, Plaintiffs had never heard of this health care corporation until the Notice of Removal was filed.  *Bray Decl., ¶ 7.*  Notably, HealthSource does <u>not</u> conspicuously divulge its FTCA protections on the opening page of its website.[3]  A cryptic disclaimer has been furnished instead in a small, light font at the bottom of the page, which no ordinary patient could be expected to fully comprehend.

Given these circumstances, a legitimate question exists over whether Dr. Thress really was "acting within the scope of his office or employment" with the PHS through HealthSource, 42 U.S.C. § 233(a), at the time of his brief encounter with Plaintiff Dwan

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

---

[1] https://data.hrsa.gov/tools/ftca-search-tool
[2] Counsel utilized the HRSA's "Federal Tort Claims Act Search Tool" on October 6, 2020, and neither Dr. Thress nor Anderson Hospital were listed.
[3] https://www.healthsourceofohio.org

Bray at Anderson Hospital on November 11, 2015. *Doc#:13, Plaintiff's Complaint, pp. 9-10, ¶ 35-41.* By all outward appearances, he was serving at the time as the Hospital's in-house obstetrician and even went so far as to introduce himself as such when he first presented to Mrs. Bray's bedside on November 11, 2015. *Bray Decl., ¶ 2-5.* Mrs. Bray has confirmed that no one who attended to her at the private Hospital, including the in-house obstetrician, ever suggested that they were actually employed by either the PHS or HealthSource, nor could such an affiliation be discerned from his hospital clothing. *Id., ¶ 4-6.* Indeed, Dr. Thress, Anderson Hospital, and the nursing staff caring for Mrs. Bray during her short hospitalization on November 11, 2015, did nothing to dispel the notion that they were anything other than Hospital employees. *Id., ¶ 2-6.* Further inquiry may well confirm that Dr. Thress was working for two (or potentially more) employers at that point in his career, and on the evening of November 11, 2015, he was strictly serving Anderson Hospital.

At a bare minimum, jurisdictional discovery will be necessary in light of 42 C.F.R. § 6.6, which narrowly constrains the circumstances under which a PHS physician may retain the protections of the FTCA while providing care to a private patient at a private facility:

> With respect to covered individuals, only acts and omissions within the scope of their employment (or contract for services) are covered. <u>If a covered individual is providing services which are not on behalf of the covered entity</u>, such as on a volunteer basis or <u>on behalf of a third-party</u> (except as described in paragraph (d) of this section), whether for pay or otherwise, <u>acts and omissions which are related to such services are not covered</u>.

*42 C.F.R. § 6.6(c)* (emphasis added). No attempt has been made by Defendants to fit the circumstances of Plaintiff N.B.'s birth within the limited exceptions to 42 C.F.R. § 6.6(d), which otherwise generally provides: "Only acts and omissions related to the grant-supported activity of entities are covered." The HRSA's "Federal Tort Claims Act Search

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

Tool" provides absolutely no public information regarding the activities that are supported by the grant given to HealthSource. In aid of this Court's determination of its jurisdiction, the Defendants should be required to divulge how, if at all, their work relates to "the grant-supported activity of" non-defendant HealthSource. *42 C.F.R. § 6.6(d)*. From the limited employment documents that have been provided, it appears the purpose of the agreement between HealthSource and Anderson Hospital was simply to provide the private facility with professional services for a charge. *Professional Services Agreement, p. 1, attached as Exhibit 2*. There is no reference to the grant-supported activity of non-defendant HealthSource—the agreement only asserts that HealthSource "desires to provide the services of" its employee-physicians in return for money. *Id.*

Because of the fact-intensive nature of the requirements for removal imposed by 28 U.S.C. § 233(c), jurisdictional discovery will be necessary for determining whether a remand is in order. Neither Plaintiffs, nor this Court, should be expected to simply accept the bald and conclusory affidavit testimony that has been furnished by the defense in support of the Notice of Removal. *See Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997) (A "certification satisfies the government's prima facie burden but does not carry any evidentiary weight unless it details and explains the bases for its conclusions."). The controlling federal statute requires the jurisdictional question to be resolved through a due process hearing:

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

> Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: *Provided*, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be

8

> deemed to have been suspended during the pendency of the
> civil action or proceeding under this section.

*42 U.S.C.* § 233(c).   A key consideration during this analysis will be Dr. Thress' employment/contractual relationship with both Anderson Hospital and HealthSource. *See Dedrick v. Youngblood*, 200 F.3d 744, 745-46 (11th Cir. 2000) (recognizing strict standards governing employee/contractor status under the Federally Supported Health Center Assistance Act).   And the degree of control that could be exercised by the federal government over the obstetrician on the evening of November 11, 2015, will also have to be evaluated.   *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254, 1265-66 (S.D. Fla. 2001) (holding that based upon a number of factors three doctors did not qualify as either federally protected employees or contractors under FTCA).

The necessity of permitting appropriate discovery is frequently recognized in the context of disputes over personal jurisdiction, which are also often dependent upon the relevant circumstances.   The United States Supreme Court has observed that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009); *Lakin v. Prudential Securities, Inc.,* 348 F.3d 704, 712-13 (8th Cir. 2003).   "Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff." *Serras v. First Tennessee Bank. Natl. Assn.*, 875 F.2d 1212, 1214 (6th Cir. 1989).   Without an opportunity for discovery, Plaintiffs will be denied a meaningful opportunity to uncover the necessary "persuasive evidence refuting the certification," *Maron*, 126 F.3d at 323, which exists, if at all, in the exclusive possession and control of the Defendants.

The importance of jurisdictional discovery was highlighted more recently by the Sixth Circuit in *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499 (6th Cir. 2020).

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

9

The District Court had dismissed a products liability action based upon a defense affidavit that had asserted that personal jurisdiction could not be established over the foreign manufacturer. *Id.* at 505. In reversing this decision, the unanimous panel explained that the plaintiffs could not be expected to understand the defendant's situation and substantiate their positions without the benefit of discovery. *Id.* at 506-07. The *Malone* court rejected the Defendant's protests that "a fishing expedition" was being sanctioned. *Id.* Since the instant dispute over subject matter jurisdiction is also highly fact-intensive, including matters that are presently unknown to Plaintiffs, the appropriateness of removal should not be addressed by the Court until jurisdictional discovery has been concluded.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be afforded a reasonable period of at least 120 days in which to conduct jurisdictional discovery before this Court addresses their request for a remand in accordance with 42 U.S.C. § 233(c) and 28 U.S.C. § 1447(c).

Respectfully Submitted,

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

*s/ Myles J. Poster*

Myles J. Poster, Esq. (PHV001)
**WAIS, VOGELSTEIN, FORMAN & OFFUTT, LLC**

*s/ Daniel N. Moore*

Daniel N. Moore, Esq. (#0076430)
Donald C. Moore, Jr., Esq. (#0003945)
Kelly W. Thye, Esq. (#0073630)
**THE MOORE LAW FIRM**

*Attorneys for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

*s/Paul W. Flowers*

Paul W. Flowers, Esq. (#0046625)
Louis E. Grube, Esq. (#0091337)
**PAUL W. FLOWERS, CO., L.P.A.**

10

## CERTIFICATE OF SERVICE

     I hereby certify that on October 8, 2020, the foregoing **Motion** was filed electronically.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  *Loc. R. 5.2(b)*.  Parties may access this filing through the court's system.


                     *s/Paul W. Flowers*

                     Paul W. Flowers, Esq. (#0046625)
                     **PAUL W. FLOWERS, CO., L.P.A.**

                     *Attorney for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

PAUL W. FLOWERS CO.
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395