UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| N.B. A MINOR, BY HER PARENTS, NATURAL GUARDIANS, AND NEXT FRIENDS DWAN BRAY AND AARON BRAY, | : : : : : | Case No. 1:20-cv-699 Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| BON SECOURS MERCY HEALTH, INC., *et al.*, | : : : | |
| Defendants. | : : | |

# ORDER GRANTING MOTION FOR LEAVE
# TO CONDUCT DISCOVERY (Doc. 20)

This civil case is before the Court on Plaintiffs N.B., a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray (collectively, "the Brays")'s motion to remand with request for leave to conduct jurisdictional discovery (Doc. 20) and the parties' responsive memoranda (Docs. 24, 25).

## I. BACKGROUND

### A.   Relevant Factual Background

The Brays bring this action against Defendants[1] – various health-providing entities and persons – alleging medical negligence and loss of filial consortium. (Doc. 13). From

---

[1] Named Defendants include the following: Bon Secours Mercy Health, Inc.; Mercy Health – Anderson Hospital LLC; Brown County Women's Health, LLC; Brown County Women's Health, Inc.; Barbara Patridge, M.D.; Timothy Thress, M.D.; Lisa Toft, R.N.; and the Ohio Department of Medicaid. Since the Complaint was removed, Defendant the United States of America has substituted itself for Defendant Timothy Thress.

April through November 2015, Ms. Bray received medical treatment related to her pregnancy with N.B. from Defendants. (*Id*. at ¶¶ 21–55). Due to Defendants' alleged medical negligence, "N.B. continues to suffer from the sequela of hypoxic-ischemic encephalopathy including epilepsy, hypertonia, catastrophic brain damage, cerebral palsy, and other permanent injuries and damages." (*Id*. at ¶ 55).

Relevant to this Order is the care provided by Dr. Timothy Thress. On November 11, 2015, Ms. Bray presented at Mercy Health – Anderson Hospital. (*Id*. at ¶ 36). There, she was evaluated by the house officer, Dr. Thress. (*Id*. at ¶ 41). Dr. Thress' physical note indicated that Ms. Bray presented with spots in her eyes, an elevated blood pressure, and headaches. (*Id*.) He ordered blood pressure monitoring and "toxemia precautions." (*Id*.) The Brays contend that "[n]otwithstanding Ms. Bray's gestational age and various clinical signs and symptoms consistent with preeclampsia or gestational hypertension," Dr. Thress failed to make any diagnosis. (*Id*. at ¶ 42). Ms. Bray was discharged about 15-minutes after Dr. Thress' evaluation. (*Id*. at ¶ 44).

**B.     Procedural History**

The Brays first filed their complaint in the Hamilton County Court of Common Pleas on April 30, 2020. (Doc. 1-3). On September 9, 2020, Defendant Dr. Thress filed a notice of removal. (Doc. 1). That same day, the United States of America filed a notice of substitution, substituting the USA for Dr. Thress as Defendant pursuant to 42 U.S.C. § 233(a). (Doc. 2). The USA's notice stated that, during the time of the alleged incident in the Complaint, Dr. Thress was an employee of HealthSource of Ohio, Inc. ("HealthSource") (*Id*. at ¶ 2). Moreover, at that time, HealthSource was deemed to be an

employee of the Public Health Service ("PHS"). (*Id.*) Accordingly, the USA contends that both Dr. Thress and HealthSource were acting within the scope of their employment with PHS, and the action is a tort action brought against the USA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and the Federally Supported Health Care Assistance Act ("FSHCAA"), 42 U.S.C. § 233. (*Id.* at ¶ 6; *see also* Doc. 1-4).

In response, the Brays filed the pending motion for remand, also seeking leave to conduct jurisdictional discovery. (Doc. 20). The Brays contend that the USA failed to carry its burden of showing that removal was proper because Dr. Thress was likely not acting within the scope of employment with HealthSource, and/or that the services he provided on behalf of HealthSource were not within the scope of HealthSource's grant with PHS, at the time of incident. (*Id.*)

Meanwhile, the USA moved to dismiss the claims made against the USA, and related to Dr. Thress' care, for lack of jurisdiction, arguing the Brays failed to exhaust administrative remedies under the FTCA before bringing suit. (Doc. 21). The Court stayed briefing on that motion until the motion for remand and to conduct jurisdictional discovery was resolved. (11/4/2020 Notation Order).

## II. STANDARD OF REVIEW

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Because removal raises significant federalism concerns, federal courts must strictly construe such jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*,

3

478 U.S. 804, 808 (1986). A federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

"[W]hether or not to allow discovery prior to deciding a motion to dismiss for lack of jurisdiction is within the discretion of the district court." *KNC Investments, LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014). "Plaintiffs 'must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction' when 'a defendant challenges a court's actual subject matter jurisdiction.'" *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (*Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir.), *on reh'g in part*, 413 F.3d 578 (6th Cir. 2005)). However, "plaintiffs must do more than 'merely assert' the need for discovery; they must 'explain what evidence relevant to subject matter jurisdiction they [would be] denied from obtaining.'" *Id*. (citing *Gilbert*, 401 F.3d at 415). "A plaintiff is not entitled to discovery if she cannot, at a minimum, offer any factual basis for her allegations and give the district court a reasonable basis to expect that discovery would reveal evidence that supports the claimed jurisdiction." *Id*. (quotations omitted) (citing cases).

### III.  ANALYSIS

The question presented is whether the Brays should be granted leave to conduct discovery to determine whether Dr. Thress was acting within the scope of employment with the PHS at the time of his care of Ms. Bray. This discovery relates to the Court's subject-matter jurisdiction, given that the action was removed and the USA substituted as Defendant in place of Dr. Thress pursuant to the FSHCAA and the FTCA, and given that

4

the USA now seeks to dismiss the Brays claims for failure to exhaust administrative remedies under the FTCA. This discovery also relates to whether resubstituting Dr. Thress and remanding to the state court is proper. Thus, as explained in further detail, *infra*, the Court grants the Brays leave to conduct limited jurisdictional discovery related to Dr. Thress' scope of employment and grant-supported activities.

### A. Removal Pursuant to the FSHCAA

Pursuant to the FSHCAA, the FTCA is the exclusive remedy for personal injury resulting from medical services performed by an "employee of the Public Health Service while in the scope of his office or employment." 42 U.S.C. § 233(a). Here, the USA contends that Dr. Thress performed services to Ms. Bray within the scope of his employment with HealthSource, which entity was deemed an employee of the PHS. Thus, the USA removed the action pursuant to 42 U.S.C. § 233(c):

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court…

In accordance with this section, when the USA removed the action, it attached a certification of scope of employment by the Attorney General. (Doc. 1-4). This

certification states that, based on the information currently available, and at the time of Ms. Bray's care, HealthSource was deemed a PHS employee by the Department of Health and Human Services for purposes of the FSHCAA. (*Id*. at ¶ 2). The certification also states that, at the time of Ms. Bray's care, Dr. Thress was an employee of HealthSource. (*Id*. at ¶ 3). Accordingly, the USA contends that because Dr. Thress was acting within the scope of employment with the PHS at the time of Ms. Bray's care, substitution of the USA for Dr. Thress is proper in this case, and the FTCA is the exclusive means of remedy against the USA. (*Id*. at ¶ 4).

Plaintiffs contend, however, that jurisdictional discovery is necessary to determine: (1) whether Dr. Thress, when providing care as the in-house obstetrician to Ms. Bray at Mercy Health - Anderson Hospital, was working within the scope of his employment with HealthSource and the PHS; and, (2) if Dr. Thress was working within the scope of his employment with HealthSource, whether the care provided was within the scope of HealthSource's grant-supported activities. According to Plaintiffs, remand would be proper if discovery shows that the USA was substituted in error – that Dr. Thress was providing care for an entity other than HealthSource, or the care Dr. Thress provided to Ms. Bray was not related to HealthSource's grant-supported activities.

The Court finds that limited, jurisdictional discovery is appropriate to determine whether this Court has jurisdiction over the action, *i.e.*, whether the case was properly removed or should be remanded.

As the USA contends, pursuant 42 U.S.C. § 233(c), removal is proper in this case if Dr. Thress "was acting in the scope of his employment [of the PHS] at the time of the

incident out of which the suit arose." If Dr. Thress was acting within the scope of employment with the PHS, then the Brays' exclusive remedy for Dr. Thress' alleged acts or omissions would be against the USA. *Id*. at § 233(g). However, as the Brays contend, if Dr. Thress was not working within the scope of employment of the PHS, and the Court finds as such after a hearing, "the case shall be remanded." *Id*. at § 233(c).

Thus, to determine whether the case was properly removed or should be remanded, the Court is left to consider whether Dr. Thress was acting within the scope of employment with PHS at the time he treated Ms. Bray.

### B. Scope of Employment

Here, the USA contends that the Attorney General's certification conclusively establishes that Dr. Thress was acting within the scope of employment with the PHS for purposes of removal, and the Court's inquiry should end there. The Court disagrees.

To be sure, the Supreme Court has held that an Attorney General certification related to a government employee's scope of employment is conclusive for purposes of removal under the Westfall Act, 28 U.S.C. § 2671, *et seq. Osborn v. Haley*, 549 U.S. 225, 241-43 (2007). However, in this instance, the case was removed to this Court pursuant to the FSHCAA, <u>not</u> the Westfall Act. And, the Westfall Act and the FSHCAA differ in a significant way.

The Westfall Act explicitly provides that certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. 28 U.S.C. § 2679(d)(2). The Westfall Act further does not contemplate remand to state court unless the employee removes to federal court, the Attorney General refuses to

certify the scope of employment, and the federal court also finds certification unwarranted. *Id*. at § 2679(d)(3).

Conversely, the FSHCAA requires remand if, after a hearing on a motion to remand, the federal court determines that remedy under the FSHCAA is unavailable. 42 U.S.C. 233(c). In other words, if the court determines that the employee was not acting within the scope of employment with the PHS, the case must be remanded. *Id*. *See also Thomas v. Phoebe Putney Health Sys., Inc*, 972 F.3d 1195, 1203 (11th Cir. 2020). Because remand after hearing is considered by the statute, the Attorney General's certification simply cannot conclusively establish that removal jurisdiction is proper.

Instead, the Court is left to a fact-specific inquiry of Dr. Thress' scope of employment. *Thomas v. Phoebe Putney Health Sys., Inc.*, No. 1:18-CV-096 (LAG), 2019 WL 6039976, at *3 (M.D. Ga. Mar. 6, 2019), *appeal dismissed sub nom.*, 972 F.3d 1195 (11th Cir. 2020) ("whether an employee is entitled to certification is a fact-specific inquiry"); *R.C.L. Infant v. Bronx-Lebanon Hosp. Ctr.*, No. 13 CIV. 6764 DAB, 2015 WL 1499745, at *3 (S.D.N.Y. Mar. 31, 2015) ("The Court conducts a *de novo* review of the U.S. Attorney's certification that [defendant] was acting within the scope of his employment if the plaintiff alleges with particularity facts relevant to the scope of employment issue.).

This fact-specific inquiry is further supported by federal regulations, which regulations dictate what specific acts or omissions are considered within the scope of employment, and covered by the FSHCAA:

> (c) With respect to covered individuals, only acts and omissions within the scope of their employment (or contract for services) are covered. If a covered individual is providing services which are not on behalf of the covered entity, such as on a volunteer basis or on behalf of a third-party (except as described in paragraph (d) of this section), whether for pay or otherwise, acts and omissions which are related to such services are not covered.

42 C.F.R. § 6.6(c). This section also provides:

> (d) Only acts and omissions related to the grant-supported activity of entities are covered. Acts and omissions related to services provided to individuals who are not patients of a covered entity will be covered only if the Secretary determines that:
>
> > (1) The provision of the services to such individuals benefits patients of the entity and general populations that could be served by the entity through community-wide intervention efforts within the communities served by such entity;
> >
> > (2) The provision of the services to such individuals facilitates the provision of services to patients of the entity; or
> >
> > (3) Such services are otherwise required to be provided to such individuals under an employment contract or similar arrangement between the entity and the covered individual.

*Id*. at § 6.6(d). This section goes on further to provide examples of covered acts, such as:

(i) health services to students not exclusively covered by a grant, but incidental to services provided at a community health center grantee; or (ii) emergency room services provided in conjuncture with a migrant health center, when such services are required to gain privileges at the hospital. *Id*. at § 6.6(e).

Put in other words:

> To properly certify a defendant, the Government must find that: (1) the individual acted within the scope of employment; (2) the acts giving rise to the Complaint stemmed from grant-related activities; and (3) services were provided to "patients of the entity" or in limited circumstances to "individuals who are not patients of the entity." 42 U.S.C. § 233(g)(1)(B); see also 42 C.F.R. §§ 6.6(d)–(e); Health Resources & Servs. Admin., Federal Torts Claims Act: Health Center Policy Manual.

*Thomas*, 2019 WL 6039976 at *3 (M.D. Ga. Mar. 6, 2019).

Thus, because of the fact-specific nature of determining whether Dr. Thress was providing care within the scope of employment, limited, initial discovery is proper in this case. Specifically, the Brays have carried their burden of establishing that discovery related to HealthSource's grant, what supported activities and locations are covered by the grant, HealthSource's services at Mercy Health – Anderson Hospital, Dr. Thress' services at the hospital, and Dr. Thress' association with HealthSource's grant, is necessary when determining whether jurisdiction exists, or remand is mandated. 42 U.S.C. § 233(c).

### C. The USA's Other Evidence in Support of Removal

Recognizing that additional information related to HealthSource's grant would likely be needed, the USA attaches several documents to its opposition to the Brays' motion for remand and for leave to conduct jurisdictional discovery. These documents purport to include: HealthSource's 2015 grant application (Doc. 24-1); HealthSource's notice of award (Doc. 24-2); HealthSource's 2015 deeming letter (Doc. 24-3); a signed, but unsworn, letter from HealthSource's HR describing Dr. Thress' employment (Doc. 24-4); an unsigned declaration from Dr. Thress (Doc. 24-5); and a self-serving

10

declaration from HealthSource's CEO (Doc. 24-6). Neither Dr. Thress' or the CEO's declarations reference or purport to authenticate the HealthSource documents.

Notwithstanding the evidentiary issues associated with the HealthSource documents, these documents do little to help clarify that Dr. Thress' care of Ms. Bray was within the scope of HealthSource's grant-supported activities. On one hand, both Dr. Thress and HealthSource's CEO state that Dr. Thress and HealthSource received no monetary compensation for the care of Ms. Bray. (Docs. 24-5, 24-6). These statements purport to support that Dr. Thress' care was grant-related. On the other hand, assuming authenticity of the document, HealthSource's 2015 grant application lists 20 service sites for care under the grant. (Doc. 24-1). Notably, Mercy Health - Anderson Hospital, the location of Dr. Thress' care of Ms. Bray, **is not a listed service site**. (*Id*.)

Moreover, the Brays provided the agreement for services between Mercy Health – Anderson Hospital and HealthSource, also signed by Dr. Thress. (Doc. 20-2). Among other provisions, this agreement provides for specific services Dr. Thress will provide at the request of the hospital. (*Id*. at Ex. A). The Brays contend this shows that Dr. Thress' care was controlled by the hospital, not HealthSource. (Docs. 20, 25). The agreement further provides that the hospital, not a federal source, will compensate HealthSource for services provided by Dr. Thress. (*Id*. at § 1.05, Ex. B). Thus, the agreement and the 2015 grant application – as argued by Plaintiffs – specifically rebut the notation that Dr. Thress was providing federally-supported, PHS-sponsored, granted-related services to Ms. Bray at the hospital.

In sum, determining whether Dr. Thress' care of Ms. Bray was within the scope of employment is a fact-specific inquiry and additional discovery is necessary to make such a determination. It is within this Court's discretion to grant leave to conduct such discovery. Moreover, pursuant to statute, if the Court finds after a hearing on the motion to remand that remedy from the USA is not available, Dr. Thress should be resubstituted as defendant and the case must be remanded. 42 U.S.C. § 233(c).

### IV. CONCLUSION

Based upon the foregoing, Plaintiffs' motion for leave to conduct jurisdictional discovery (Doc. 20) is **GRANTED**. Plaintiffs' motion for remand (Doc. 20) remains pending. The Court will consider Plaintiffs' motion for remand (Doc. 20) after jurisdictional discovery is complete and conducting a hearing on the motion for remand.

1. Plaintiffs are granted a period of 120 days during which to conduct jurisdictional discovery. This discovery SHALL be limited in scope to determining whether Dr. Thress and HealthSource were working within the scope of employment for purposes of the FSHCAA.

2. The briefing on Defendant USA's motion to dismiss (Doc. 21) remains STAYED.

3. Within 90 days of this Order, Plaintiffs and Defendant USA SHALL provide a joint status report via email to Chambers (black_chambers@ohsd.uscourts.gov), copying counsel for the other parties, and indicating: (i) the status of jurisdictional discovery; and (ii) whether positions on the motion for remand remain the same based on completed, jurisdictional discovery.

**IT IS SO ORDERED.**

Date: 6/8/2021

Timothy S. Black
United States District Judge