IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| N.B., A MINOR, BY HER PARENTS, NATURAL GUARDIANS, AND NEXT FRIENDS DWAN BRAY AND AARON BRAY, | CASE NO. 1:20-CV-699 |
| Plaintiffs, | DISTRICT JUDGE MATTHEW W. McFARLAND |
| vs. | Magistrate Judge Karen L. Litkovitz |
| BON SECOURS MERCY HEALTH, INC., *et al.*, | **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Defendants. | |

## MOTION

Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray, seek leave to submit their proposed First Amended Complaint, attached to this Motion as Exhibit 1. *Fed. R. Civ. P. 15(a)(2)*. Since Doc#:21, Motion to Dismiss by Defendant United States of America for Failure to Exhaust Administrative Remedies, raised a federal defense that could not have been anticipated when these proceedings were filed in state court, and because Plaintiffs' Motion for Remand was recently denied, Doc#:20 and 38, they should be permitted to submit new allegations describing when their claim accrued, establishing the equitable tolling of the federal statute of limitations, and supporting a new claim challenging the constitutionality of the statute of limitations as applied. Further, with this Court's decision that Timothy J. Thress, M.D. "was acting within the scope of his employment with HealthSource when providing services to Ms. Bray," Plaintiffs should be permitted to add the United States of America and HealthSource of Ohio, Inc. as new party defendants. *See Doc#:38, PageID#:839*. A Memorandum in support of this request follows.

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

Respectfully Submitted,

| | |
|---|---|
| *s/ Myles J. Poster* | *s/Paul W. Flowers* |
| Myles J. Poster, Esq. (PHV001) | Paul W. Flowers, Esq. (#0046625) |
| **WAIS, VOGELSTEIN, FORMAN, KOCH & NORMAN, LLC** | Louis E. Grube, Esq. (#0091337) |
| 1829 Reisterstown Road, Suite 425 | Melissa A. Ghrist, Esq. (#0096882) |
| Baltimore, Maryland 21208 | **FLOWERS & GRUBE** |
| T: (410) 998-3600 | Terminal Tower, 40th Floor |
| F: (410) 998-3680 | 50 Public Square |
| myles@malpracticeteam.com | Cleveland, Ohio 44113 |
| | (216) 344-9393 |
| | pwf@pwfco.com |

*s/ Daniel N. Moore*
Daniel N. Moore, Esq. (#0076430)
Donald C. Moore, Jr., Esq. (#0003945)
Kelly W. Thye, Esq. (#0073630)
**THE MOORE LAW FIRM**
1060 Nimitzview Drive, Suite 200
Cincinnati, Ohio 45230
danmoore@moorelaw.com

*Attorneys for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

ii

**MEMORANDUM**

**I.  BACKGROUND**

This medical malpractice action was originally commenced in the Hamilton County Court of Common Pleas on April 30, 2020. *Doc#:13, Plaintiffs' Complaint, PageID#:260.* The Complaint alleged that on or about April 20, 2015, Plaintiff Dwan Bray ("Mrs. Bray") began prenatal care for her pregnancy at Christ Hospital Physicians—Obstetrics and Gynecology ("Christ OBGYN"). *Id., p. 7, ¶ 22, PageID#:266.* Around her 27th week of pregnancy, Mrs. Bray transitioned to midwifery and parallel obstetrical care with Defendants Brown County Women's Health, LLC and Brown County Women's Health, Inc. (collectively "Brown County Women's Health") in anticipation of a planned home birth. *Id., p. 8, ¶ 27-28, PageID#:267.* On October 23, 2015, her blood pressure was reported as hypertensive by her midwife. *Id., ¶ 29.* At subsequent visits her blood pressure was again reported as hypertensive, and this finding was known and communicated to both her midwives and physicians at Brown County Women's Health. *Id., pp. 8-9, ¶ 29-34, PageID#:267-268.*

On November 11, 2015, Mrs. Bray's condition worsened as she reported the onset of a headache, continued hypertension, light sensitivity and blurred vision to her midwife and a Brown County Women's Health physician, who suggested evaluation by Defendants, Mercy Health—Anderson Hospital LLC and Bon Secours Mercy Health, Inc. (collectively "Anderson Hospital"). *Doc#:13, Plaintiff's Complaint, p. 9, ¶ 35, PageID#:268.* By this time, Mrs. Bray had reached 37 weeks and three days gestation. *Id., p. 10, ¶ 36, PageID#:269.* Roughly two hours after admission at 5:35 p.m., the hospital's house obstetrician, Timothy J. Thress, M.D. ("Dr. Thress"), appeared at her bedside. *Id., ¶ 41.* Following his assessment, he charted a number of clinical signs consistent with preeclampsia and gestational hypertension. *Id.* Inexplicably, however,

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

1

those conditions were never formally diagnosed. *Id., p. 11, ¶ 42, PageID#:270.* Despite her clinical presentation, Mrs. Bray was discharged from Anderson Hospital a short time later at 7:47 p.m. *Id., ¶ 43-44.*

Nine days afterward on November 20, 2015, Mrs. Bray "was admitted to Mercy Health—Anderson Hospital with complaints of contractions and decreased fetal movement." *Doc#:13, Plaintiffs' Complaint, p. 11, ¶ 46, PageID#:270.* At 6:45 p.m., Plaintiff N.B. was delivered by emergent cesarean section delivery at 38 weeks, 5 days gestation. *Id., p. 12, ¶ 50, PageID#:271.* At the time of birth, N.B. "was not breathing and required immediate neonatal resuscitation." *Id., ¶ 51.* She was eventually rushed to the Neonatal Intensive Care Unit at Cincinnati Children's Hospital for lifesaving treatment. *Id., ¶ 53.* Neuroimaging studies performed upon her admission "confirmed findings consistent with hypoxic-ischemic brain damage." *Id., ¶ 54.*

After the state court action had been pending for more than four months, the United States Government filed a Notice of Removal in this Court on September 8, 2020. *Doc#:1, Defendants' Notice of Removal, PageID#:1.* It was asserted that Dr. Thress had been an employee of HealthSource of Ohio, Inc. ("HealthSource"), which in turn had been "deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233(a) at the time of the alleged incident out of which Plaintiffs' action arose." *Id., ¶ 3, PageID#:1-2.* Without any supporting documentation, the Government further represented that both Dr. Thress and HealthSource were "acting within the scope of" their employment with the Public Health Service ("PHS") at this time. *Id., ¶ 4, PageID#:2.* HealthSource has not been and it not yet a defendant in this action.

In accordance with 42 U.S.C. § 233(c) and 28 U.S.C. § 1447(c), Plaintiffs filed their Motion for Remand with Leave to Conduct Jurisdictional Discovery on October 8, 2020 ("Plaintiffs' Motion for Remand"). *Doc#:20.* For its part, the United States of America

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

2

filed the aforementioned Motion to Dismiss ("Government's Motion to Dismiss") arguing that Plaintiffs had failed to exhaust their administrative remedies thereby divesting the Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Doc#:21*. This Court granted additional time to conduct jurisdictional discovery pertaining solely to "whether Dr. Thress and HealthSource were working within the scope of employment for purposes of the FSHCAA," 42 U.S.C. § 233, and stayed briefing on the Government's Motion to Dismiss until a decision on remand could be made. *Doc#:26, Order Granting Motion for Leave to Conduct Discovery filed June 8, 2021, PageID#:525; Notation Order filed November 4, 2020*. After jurisdictional discovery was complete, the parties jointly requested, and were granted, an opportunity to submit supplemental briefing on the Plaintiff's Motion for Remand. *Doc#:31, Joint Motion for Leave to Submit Supplemental Briefing filed February 11, 2022, PageID#:577-81; Notation Order filed April 20, 2022*.

On January 6, 2023, this Court denied the Plaintiffs' Motion for Remand. *Doc#:38, Order and Opinion filed January 6, 2023, PageID#:843*. The stay on the Government's Motion to Dismiss was lifted, and Plaintiffs were directed to respond on or before January 27, 2022. *Id*.

Plaintiffs now seek leave to submit a first amended complaint alleging additional facts that came to light only after this litigation was commenced in the state trial court, adding the United States of America and HealthSource of Ohio, Inc. as new party defendants, and seeking a declaration of the unconstitutionality of the statute of limitations under the facts of this case. *Fed. R. Civ. P. 15(a)(2)*. These facts bear directly upon the issues raised in the pending Motion to Dismiss, which Plaintiffs were not required to oppose until their Motion for Remand was denied on January 6, 2023. *Doc#:38*.

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## II. STANDARDS

A party is entitled to submit an amended pleading as a matter of course at any time within "21 days after serving it," within "21 days after service of a responsive pleading" if one is required, or within "21 days after service of a motion under Rule 12(b), (e), or (f)." *Fed. R. Civ. P. 15(a)(1)(A) and (B)*. But in "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Fed. R. Civ. P. 15(a)(2)*.

Generally, a "court should freely give leave" to submit an amended complaint "when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. And ordinarily, an opportunity should be afforded to supply a correction in an amended pleading when a deficiency is identified in the Complaint. *Dussouy v. Gulf Coast Invest. Corp.*, 660 F.2d 594, 597-600 (5th Cir. 1981); *Package Closure Corp. v. Sealright Co.*, 4 F.R.D. 114, 118 (S.D.N.Y. 1943). The United States Court of Appeals for the Fifth Circuit has observed:

> The [Federal Rules of Civil Procedure] also command judicial solicitude for parties who have tried but have not completely succeeded in stating a claim. Rule 15 thus authorizes amendments that seek, among other things, to cure pleading defects.

*Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985).

## III. ANALYSIS

### A. The Need for Additional Allegations

In the interests of justice, and given the early stage of this dispute, this Court should grant Plaintiffs leave to submit their proposed First Amended Complaint, a copy of which is attached as Exhibit 1 to this motion and memorandum. Because Fed. R. Civ. P. 15(a)(1)(A) and (B) do not explicitly permit an amendment as a matter of right when the deadline to respond to a Fed. R. Civ. P. 12(b) motion has been stayed, Plaintiffs seek this Court's approval to make an amendment pursuant to Fed. R. Civ. P. 15(a)(2).

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

While this matter has been pending before this Court since September 8, 2020, the litigation is still in a nascent stage. The pleadings have not yet closed because of the complex, fact-bound disagreement over whether federal subject matter jurisdiction extends over these proceedings. As that dispute began, the Government sought dismissal under Fed. R. Civ. P. 12(b)(1), raising solely the defense of failure to exhaust administrative remedies as required by 28 U.S.C. § 2675(a), rather than filing an answer. *Doc#:21, Government's Motion to Dismiss, PageID#:384-86*. And the deadline to respond to the Government's Motion to Dismiss was stayed until this month. *Doc#:38, Order and Opinion filed January 6, 2023, PageID#:843*.

Because of the strict standards imposed by Fed. R. Civ. P. 12(b), a claim brought under the Federal Tort Claims Act ("FTCA") may be dismissed through an affirmative defense only if the complaint establishes a pleading defect on its face, but not if it is "likely that the plaintiff can raise factual setoffs to such an affirmative defense." *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981); *Hagan v. United States*, 197 F. Supp. 3d 30, 35 (D.D.C. 2016). Affirmative defenses like the failure to exhaust administrative remedies often involve disputed questions of fact. *Commodities Export Co. v. U.S. Customs Serv.*, 888 F.2d 431, 436-37 (6th Cir. 1989); *Augustine v. United States*, 704 F.2d 1074, 1077-79 (9th Cir. 1983) (reversing dismissal on the basis of failure to exhaust administrative remedies available under FTCA because the question of accrual of the claim was a disputed fact going to the merits); *Larsen v. United States Navy*, 346 F. Supp. 2d 122, 135 (D.D.C. 2004); *Hagan*, 197 F. Supp. 3d at 35. And "'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.'" *Bradley v. Nat'l Collegiate Athletic Ass'n*, 249 F. Supp. 3d 149, 159 (D.D.C. 2017) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

While Plaintiffs believe their original complaint is sufficient to withstand the

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

Motion to Dismiss, prudence dictates that they should now seek to add additional allegations in response to the Government's fact-intensive claim of failure to exhaust administrative remedies. Given the timing of the Government's appearance in this case and the removal to this Court several months after the action was commenced, the Plaintiffs never had a reason or meaningful opportunity to explain in their initial pleading how they complied with all their obligations in this regard and even satisfied the federal statute of limitations. Indeed, as soon as those defenses were asserted, the Plaintiffs highlighted their plan (if necessary) to raise the late accrual of their claims, the equitable tolling of the statute of limitations, the timely submission of their administrative claim, and the denial of due process that would occur if their complaint were dismissed under the circumstances. *Doc#:23, Plaintiffs' Motion for Extension of Time to Conduct Jurisdictional Discovery and Oppose Motion to Dismiss filed October 29, 2020 (Plaintiffs' Mtn. Ext. to Oppose Dismissal), PageID#:401-06.* Of course, none of that was necessary until the Motion for Remand was denied on January 6, 2013. *Doc#:38.* As described below, now is the time to permit an amendment to set up each of these responses to the Government's fact-dependent request for dismissal.

### B. The Late Accrual of the Claim

Once all the pertinent facts are understood, the timeliness of Plaintiffs' administrative claim can hardly be doubted. As has been acknowledged by the Government, such an application was submitted in September 2020 to the U.S. Department of Health and Human Services shortly after Dr. Thress' purported status as a federally protected employee was first disclosed in the pending litigation. *Government's Motion to Dismiss, PageID#:386; Doc#:21-1, Declaration of Meredith Torres executed October 14, 2020, PageID#:388-390.* And as Plaintiffs have already explained at the beginning of this proceeding, the deadline for submitting this formal notice can effectively

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

6

be extended by a delay in the claim accrual date. *Plaintiffs' Mtn. Ext. to Oppose Dismissal, PageID#:403-04*. An appreciation that some harm or loss has been suffered is not sufficient to start the clock running, as the question is whether "reasonable diligence" would have revealed "<u>both</u> the injury <u>and its cause</u>." *McDonald v. United States*, 843 F.2d 247, 248 (6th Cir. 1988) (emphasis added) (citing *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)); *see also Coffie v. United States*, 43 F. App'x 808, 811 (6th Cir. 2002). And when factual disputes exist as to the date of accrual of a medical claim under the FTCA, dismissal is inappropriate. *E.g., Augustine*, 704 F.2d at 1077-79.

To that end, the facts that Plaintiffs seek to allege in their First Amended Complaint would establish that accrual occurred, at the very earliest, on February 4, 2020. *Exhibit 1, ¶ 68-71, 77*. That was the first day on which a physician shared an opinion with them that Dr. Thress' negligent care had been a cause of N.B.'s significant injuries before and during birth. *Id., ¶ 69(a), 71*. Prior to that time, every physician had pointed to natural causes. *Id., ¶ 65-68*. Counsel's inchoate investigation prior to that date was incomplete without an affidavit of merit expressing such an opinion in support of a state-law medical malpractice claim. *Id., ¶ 69-71*. And the Plaintiffs' administrative claim, which has never been ruled upon, was submitted to the U.S. Department of Health and Human Services on September 23, 2020, well in advance of the two-year deadline. *Id., ¶ 74-76*.

**C.    The Equitably Tolled Deadline for Submitting an Administrative Claim**

Plaintiffs also explained early on that equitable tolling is available for FTCA claims. *Plaintiffs' Mtn. Ext. to Oppose Dismissal, PageID#:401-03; accord Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990); *United States v. Wong*, 575 U.S. 402, 407-08, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015). Generally, this doctrine suspends a statute of limitations in cases of extraordinary circumstances where the plaintiff has otherwise acted diligently to preserve his or her rights. *See Mezo*

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

*v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010); *Nicely v. Pliva, Inc.*, 181 F. Supp. 3d 451, 456 (E.D. Ky. 2016); *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623, 628 (W.D. Tenn. 2017); *Waltz v. United States Dept. of Agriculture*, 251 F.R.D. 491, 496 (E.D. Cal. 2008) (Mag. Op.).

Here, Plaintiffs seek to allege the extraordinary facts showing why they had no reason to suspect that Dr. Thress was a federally protected employee until the Government's Notice was finally filed approximately four months into the state court litigation. *Exhibit 1, ¶ 45-46, 48, 52-53, 69-73, 78-79*. No reasonable person under the circumstances could have been expected to uncover that Anderson Hospital was staffed by individuals deemed to be federal employees. First, Plaintiffs never received treatment at Healthsource, they had not even heard of this organization, and they were never told that Dr. Thress worked there. *Id., ¶ 45, 48*. Nor were Anderson Hospital or any of the organizations running it ever disclosed by the Government as federally deemed providers. *Id., ¶ 46*. None of the forms or notices given to Plaintiff even hinted that Dr. Thress was a federal employee. *Id., ¶ 48*. And Dr. Thress failed to divulge this detail while briefly rendering, but seriously mismanaging, treatment at Anderson Hospital on November 11, 2015. *Id., ¶ 52-53*.

When counsel began investigating the Plaintiffs' potential claims, no publicly available information gave even a scant indication of federal involvement. *Exhibit 1, ¶ 69-70*. Dr. Thress was discovered to be practicing at that time as a medical cannabis physician, which hardly seems like federal employment. *Id., ¶ 69(b)*. But each of the prior medical negligence lawsuits that Dr. Thress had been involved in dating back to the 1990s had remained in state court without removal to federal court. *Id*. Healthsource was not named or involved in those disputes. *Id*. Healthsource had not even been a facility where Mrs. Bray received treatment, and none of the institutional providers that were identified

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

8

were federally funded. *Id., ¶ 69(d)-(f)*. Given that Anderson Hospital accepted Plaintiffs' private health insurance, there was no reason at all to believe that federal grant funds were ever involved. *Id., ¶ 69(c)*. Based upon these discoveries, the Plaintiffs reasonably forged ahead with their state-law claims. *Id., ¶ 70*.

Under the circumstances, the first moment that the Plaintiffs could possibly have known of the federal government's involvement, or the existence and involvement of Healthsource, was when this case was removed. And even then, the details were not clear until after the parties engaged in substantial jurisdictional discovery. In the interests of justice and fairness, equity would toll the requirement to submit an administrative claim until these facts were discovered. So, Plaintiffs should be permitted to amend their Complaint to allege facts establishing a classic case for equitable tolling.

**D.     The Due Process Violation if the Plaintiffs' Claims are Extinguished**

Finally, Plaintiffs previously explained that any attempt to apply 28 U.S.C. § 2401(b) to deny Plaintiffs access to the courts and the relief otherwise available under the FTCA under the circumstances alleged would violate the United States Constitution's guarantee of due process of law. *Plaintiffs' Mtn. Ext. to Oppose Dismissal, PageID#:405-06*. The Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law[.]" "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

Plaintiffs thus seek to allege an explicit constitutional challenge to the application of the FTCA's statute of limitations on the facts of this case. *Exhibit 1, ¶ 101-103*. The United States Court of Appeals for the Sixth Circuit has previously held that a plaintiff

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

9

was denied due process by application of a statute of limitation where she was "misled, to her prejudice" by the government itself "and thus deprived of a meaningful opportunity to litigate her claims" within the time provided for filing suit. *Carter v. United States*, 110 F. App'x 591, 595-97 (6th Cir. 2004). Much like in *Carter*, Plaintiffs were affirmatively deceived by Dr. Thress, who rendered substandard treatment to Mrs. Bray at Anderson Hospital without disclosing that his liability was potentially covered by the federal government due to his employment with a federally deemed entity, Healthsource. *Exhibit 1, ¶ 52-53*. For its part, neither Healthsource nor the Government arranged for any such warning at Anderson Hospital either. *Id., ¶ 48*. And the Government's limited public acknowledgements did not name Anderson Hospital or its operating agencies as a deemed entity. *Id., ¶ 46*. Yet Mrs. Bray never treated at Healthsource—she did not know this entity existed. *Id., ¶ 48*. Under these circumstances, applying the two-year statute of limitations for submission of an administrative claim to the federal government to cut off the Plaintiffs property interests in their causes of action amounts to trickery. The United States Constitution demands more.

  **E. The Need to Add the United States and Healthsource as New Defendants**

  Finally, as a result of this Court's recent ruling, Plaintiffs should be permitted to add the United States and Healthsource as party defendants. When this Court determined that Dr. Thress "was acting within the scope of his employment with HealthSource when providing services to Ms. Bray," it became clear that Healthsource would be derivatively liable under Ohio state law. *See Doc#: 38, PageID#:831*. Insofar as the FTCA permits the Government to be liable to the extent that "a private person" would be "liable to the claimant in accordance with the law of the place where the act or omission occurred," both the United States and Healthsource should now be named as a defendant to guarantee that the full measure of relief will be available. *28 U.S.C. §*

Flowers & Grube
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

*1346(b)(1)*. In order to avoid a loss of appellate rights, or otherwise impair their state law claims, however, prudence dictates that Plaintiffs leave their original allegations against Dr. Thress intact.

## CONCLUSION

In the interest of fairness and justice, this Court should grant Plaintiffs leave to submit their proposed First Amended Complaint, attached to this Motion as Exhibit 1. *Fed. R. Civ. P. 15(a)(2)*.

Respectfully Submitted,

*s/ Myles J. Poster*

Myles J. Poster, Esq. (PHV001)
**WAIS, VOGELSTEIN, FORMAN, KOCH & NORMAN, LLC**

*s/ Daniel N. Moore*

Daniel N. Moore, Esq. (#0076430)
Donald C. Moore, Jr., Esq. (#0003945)
Kelly W. Thye, Esq. (#0073630)
**THE MOORE LAW FIRM**

*Attorneys for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

*s/ Paul W. Flowers*

Paul W. Flowers, Esq. (#0046625)
Louis E. Grube, Esq. (#0091337)
Melissa A. Ghrist, Esq. (#0096882)
**FLOWERS & GRUBE**

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2022, the foregoing **Motion** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. *Loc. R. 5.2(b)*. Parties may access this filing through the court's system.

*s/ Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**FLOWERS & GRUBE**

*Attorney for Plaintiffs, N.B. a Minor, by her Parents, Natural Guardians, and Next Friends Dwan Bray and Aaron Bray*

FLOWERS & GRUBE
Terminal Tower, 40th Floor
50 Public Sq.
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

12