# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| N.B., a Minor, by her Parents, Natural Guardians, and Next Friends DWAN BRAY and AARON BRAY, | : : : : | Case No. 1:20-cv-699 District Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| BON SECOURS MERCY HEALTH, INC., *et al.*, | : : : | |
| Defendants. | : | |

### UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND REPLY IN SUPPORT OF MOTION TO DISMISS

The United States of America contemporaneously responds in opposition to the Motion for Leave to File First Amended Complaint (Doc. 39) filed by Plaintiffs, N.B., a minor, by her parents, natural guardians, and next friends, Dwan Bray and Aaron Bray, and replies in support of its Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 21). The Motion for Leave to File Amended Complaint should be denied as futile with regard to the claim against the United States because the complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs did not submit their administrative claim

---

[1] Even though the Motion to Dismiss was originally styled as a Rule 12(b)(1) motion, this Court has the authority to consider it under Rule 12(b)(6). *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). The Court should do so to obviate the futile briefing that would inevitably result were

to the appropriate federal agency within the two-year time period prescribed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2401(b), and have alleged no additional facts compelling the Court to toll that two-year statute of limitations.

## I.   UPDATED PROCEDURAL BACKGROUND

On January 6, 2023, this Court entered an Order and Opinion (Doc. 38) in which it retained jurisdiction over the case by denying Plaintiffs' Motion to Remand, finding that the removal of this case to federal court was sound under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233. The Court based this conclusion on its specific findings that Dr. Thress was providing services with the scope of his employment with HealthSource that related to HealthSource's grant-supported activities when he cared for Ms. Bray. (*Id.* at PageId 837.) The Court also found that Dr. Thress's actions were hospital-related activities provided to Ms. Bray under the FSHCAA. (*Id.* at PageId 843.)

The Court reopened briefing on the Motion to Dismiss by Defendant United States of America for Failure to Exhaust Administrative Remedies (Doc. 21), which had been stayed since Plaintiffs filed their Motion for Remand in October 2020 (November 4, 2020 Notation Order). Plaintiffs in turn filed their Motion for Leave to File Amended Complaint (Doc. 39) and Memorandum in Opposition to the Motion to Dismiss (Doc. 40).

## II.   THE PROPOSED FIRST AMENDED COMPLAINT AGAINST THE UNITED STATES OF AMERICA IS FUTILE.

---

Plaintiffs permitted to file an Amended Complaint. It would not be a prudent use of the resources of the parties and this Court to pursue additional briefing only to have the case dismissed because it was untimely filed.

2

In their Opposition to the Motion to Dismiss, Plaintiffs state that they "believe their original complaint is sufficient to withstand the Motion to Dismiss." (Doc. 21, PageId 851-52.) Anticipating that the Court may disagree, Plaintiffs now seek to amend the original complaint to allege "additional facts that came to light only after this litigation was commenced in the state trial court . . . ." (Doc. 40, PageId 849.)

Leave to amend should be denied where the amendment would be futile. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) *(quoting Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). Plaintiffs' proposed amendment is futile because there simply are no facts, whether known at the time of the filing of the original complaint or not, that demonstrate that Plaintiffs submitted their administrative claim to the appropriate federal agency within the two-year time period prescribed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2401(b). And while the Motion for Leave states that an amendment is necessary to "set up" Plaintiffs' responses to the request for dismissal (Doc. 39, PageId 852), the proposed First Amended Complaint alleges no additional facts that compel the Court to toll the FTCA's two-year statute of limitations.

### III. THE COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST THE UNITED STATES.

It is well-settled that Government cannot be sued without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (*citing United States v. Testan*, 424 U.S. 392, 399 (1976)). Although the FTCA is a waiver of sovereign immunity, Congress has

3

limited that waiver and has established the FTCA as the exclusive remedy for certain negligence claims against federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 2674, 2679(b)(1). Under the FSHCAA, those same limitations apply to claims of medical negligence against employees of the Public Health Service, acting within the scope of their employment. *See* 42 U.S.C. § 233(a),(g). Thus, for Plaintiffs to state a FTCA claim upon which relief can be granted, they must comply with the FTCA. *See Lehman*, at 161 ("limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."). They did not do so here, and have not articulated any exceptions that would allow the Court to deviate from the FTCA's requirements.

    A.    **<u>Plaintiffs Did Not Timely Present Their Claims.</u>**

One of those requirements is that an administrative claim must be presented in writing to the federal agency within two years after such claim accrues. 28 U.S.C. §2401(b). Although not jurisdictional, this limitation cannot simply be ignored as it still "govern[s] litigation against the Government" and continues to be a condition on Congress's waiver of immunity. *United States v. Kwai Fun Wong*, 575 U.S. 402, 412, 418, 420 (2015). If a plaintiff fails to comply with this statute of limitations, the claim is "forever barred." 28 U.S.C. §2401(b).

A claim under the FTCA generally accrues at the time a plaintiff's injury occurs. *Skwira v. United States*, 344 F.3d 64, 73 (1st Cir. 2003). In this case, Plaintiffs' claim accrued on November 20, 2015, the day Ms. Bray delivered N.B. at Mercy Health-Anderson. (Doc. 39-1, PageId 874.) The face of the administrative exhaustion

4

form, the SF-95, itself lists the "Date and Day of Accident" as Friday, November 20, 2015 at 6:45 p.m. *See* SF-95, which is attached to this filing as Exhibit 1. It describes the basis of the claim as the:

> [f]ailure of treating healthcare providers to recognize and diagnose signs and symptoms of preeclampsia and/or severe preeclampsia and admit [Ms. Bray] for induction of labor. As a direct and proximate result of the healthcare providers' deviations from the applicable standard of care, [Ms. Bray]'s daughter was exposed to decreased blood and oxygen to her brain resulting in irreversible brain damages, hypoxic-ischemic encephalopathy, and was subsequently diagnosed with cerebral palsy and its sequela.

*Id.*

The proposed First Amended Complaint echoes Plaintiffs' injuries having occurred on the date of delivery of N.B., November 20, 2015. (Doc. 39-1, PageId 874.) These include "recurrent late decelerations and a Category III fetal heart rate tracing," "continued deterioration in fetal heart rate status," "N.B. was not breathing and required immediate neonatal resuscitation." Her Apgar scores were 2 and 7 at one and five minutes of life, she was "markedly hypoglylemic," "hypertonic," and "cyanotic," and "apneic." (*Id.* at PageId 874-75.)

Shortly after delivery, N.B. was transferred to another medical center for treatment. The initial diagnosis at the delivering hospital was confirmed at the second facility, which is not a party to this litigation. Specifically, during her admission to the Neonatal Intensive Care Unit at Cincinnati Children's Hospital Medical Center, N.B. was diagnosed with "hypoxic-ischemic encephalopathy and confirmed to have suffered "hypoxic-ischemic brain damage." (*Id.* at PageId 875.)

Providers informed Plaintiffs that N.B.'s brain injury was "the result of a lack of oxygen at a time period they would not likely be able to confirm" (*Id.*), but presumably sometime while Ms. Bray was receiving prenatal care.

Of course, "[k]nowing the cause and existence of [an] injury is not the same as knowing a legal right has been violated." *Motley v. United States*, 295 F.3d 820, 822 (8th Cir. 2002). Therefore, once a plaintiff knows of an injury and who inflected it, they should seek advice from those who can tell them they have been wronged. *Id.* Indeed, the FTCA "inquires as to injury ---not as to diagnosis or full extent of injury." *Bohrer v. City Hospital, Inc.* 681 F. Supp. 2d. 657, 665 (N.D.W. Va. 2010).

Faced with a newborn child with serious medical diagnoses, including hypoxic-ischemic encephalopathy resulting from lack of oxygen, shortly after N.B.'s birth Plaintiffs were armed with enough information—*i.e.,* knowledge of the injury and who was providing the medical care when the injury occurred, to immediately investigate N.B.'s injuries. But Plaintiffs did not exercise due diligence to obtain a second opinion to review the readily-available medical records on of N.B. to determine if a medical error caused, or contributed to, her injuries.

Instead, Plaintiffs waited two and a half years later to retain their current attorney, Myles J. Poster, on or about March 18, 2019, as they acknowledge in their proposed First Amended Complaint. (Doc. 39-1, PageId 875.) This date is arguably the last possible date of accrual, as "a [FTCA] claim accrues when a plaintiff possesses enough information with respect to her injury that, 'had she sought out independent legal and [expert] advice at that point, she should have been able to determine in the

6

two-year period whether to file an administrative claim.'" *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009).

Almost another year passed before Mr. Poster secured medical records and the expert opinion of a medical doctor in support of an affidavit of merit, on February 4, 2020. Plaintiffs argue that this date is the earliest accrual could have occurred. (Doc. 39, PageId 853.) However, their having retained an attorney a year prior to that date is an indication that Plaintiffs' suspicions about potential legal liability already existed but were not acted upon.[2] Plaintiffs did not file their medical malpractice action until April 30, 2020, more than *four and a half* years after Ms. Bray's treatment at Mercy Health-Anderson Hospital commenced and N.B. was born in November 2015.

In a similar case, the United States District Court for the Southern District of New York rejected the contention that an attorney's "verification" that malpractice occurred was the date of accrual. *A.Q.C. ex rel. Castillo v. United States*, 715 F. Supp. 2d 452, 458-59 (S.D.N.Y. 2010). There, the court noted that the discovery of injury and causation requires "knowledge of, *or knowledge that could lead to,* the basic facts of the injury." *Id.* (emphasis in original). The court noted that the knowledge that one should explore a medical malpractice claim by seeking legal counsel counted as the time of accrual in that matter.

This procedural history, all as alleged by Plaintiffs, indicates that no "capacity for clairvoyance" was needed to investigate N.B.'s injuries. (Doc. 40, PageId 902.)

---

[2] And even then, March 18, 2019 was still well outside the two-year statute of limitations.

Instead, Plaintiffs, including their counsel, simply should have begun their investigation earlier. They offer the Court no explanation for why they did not do so. By not filing an administrative claim within two years of their claim having accrued, Plaintiffs failed to comply with 28 U.S.C. §2401(b), and their case should be "forever barred." *Pirolozzi v. Stanbro*, 2007 WL 4165160, at *2 (N.D. Ohio Nov. 19, 2007) (FTCA claims are dismissed with prejudice if plaintiffs fail to make an administrative claim prior to filing suit and more than two years have elapsed since Plaintiffs' claim accrued.)

### B. There Are No Extraordinary Circumstances That Warrant Equitable Tolling of the Statute of Limitations or State a Claim for a Due Process Violation.

To establish equitable tolling, a plaintiff must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The focus of a court's inquiry should be whether a plaintiff has been "induced or tricked by his adversary's misconduct" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). This principle derives from the equitable principle that a defendant may not commit a fraud on the plaintiff causing the statutory period to lapse and thereby benefit from same. *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946). When applicable, equitable tolling is "sparingly" invoked. *Irwin*, 498 U.S. at 96.

As discussed above, Plaintiffs have not been pursuing their rights diligently. And Plaintiffs have not, and cannot, make any allegations sufficiently particular under Fed. R. Civ. P. 9 that the United States engaged in any sort of misconduct or "trickery," sufficient to warrant equitable tolling. The First Amended Complaint and

8

Ms. Bray's declaration contain no allegations of Plaintiffs having been "affirmatively deceived," as they contend in their Motion for Leave to File Amended Complaint. (Doc. 39, PageId 856.) Dr. Thress did not fraudulently fail to respond to requests to "disclos[e] that his liability was potentially covered by the federal government" (Doc. 39-1, PageId 872) because no such requests were ever made. As Ms. Bray acknowledges in her declaration, she only had one encounter with Dr. Thress, and she does not remember any of Dr. Thress's clothing or other identifying information. (Doc. 23-2, PageId 445.) She certainly does not allege or disclose specific conversations she had with Dr. Thress, or subsequently any other government representative, regarding Dr. Thress's employment, HeathSource of Ohio, or the federal government. Indeed, Ms. Bray acknowledges that she has "no recollection of ever . . . even hearing about, HealthSource of Ohio, Inc." (*Id.*)

Plaintiffs make much of the perceived inequities of the FTCA's statute of limitations. These include Ms. Bray's lack of knowledge that Dr. Thress was a HealthSource employee acting as a federal employee and the lack of requirement that Public Health Service employees place patients on notice of their employment status. (Doc. 20-1.) They also describe "the situation" as a "trap for even the most vigilant." (Doc. 40, PageId 904.) None of these arguments are proper considerations for the Court's analysis of whether the FTCA's statute of limitations should be equitably tolled. Instead, they are part standard investigations that all counsel must contend with in determining the appropriate individuals and entities to sue.

9

This lack of allegations of fraud or any other similar extraordinary circumstance by Ms. Bray or any other Plaintiff makes application of equitable tolling unavailable to the Court, and fails to state a claim for a due process violation.

## V. CONCLUSION

For these reasons, the Court should deny as futile Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 39) and dismiss the claims against the United States of America with prejudice.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Margaret A. Castro*
MARGARET A. CASTRO (0078968)
Assistant United States Attorney
Attorney for Defendant
United States of America
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Margaret.Castro@usdoj.gov