**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| N.B., A MINOR, BY HER PARENTS, NATURAL GUARDIANS, AND NEXT FRIENDS DWAN BRAY AND AARON BRAY, | : : : : | Case No. 1:20-cv-699 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| BON SECOURS MERCY HEALTH, INC., *et al.,* | : : : | |
| Defendants. | : : | |

---

## ORDER AND OPINION

---

This matter is before the Court on Defendant United States of America's Motion to Dismiss (Doc. 21), Plaintiffs N.B., a Minor, by her Parents, Natural Guardians, and Next Friends, Dwan Bray and Aaron Bray's Motion for Leave to File First Amended Complaint (Doc. 39) [1], and Plaintiffs' Motion to Strike Defendant's Request for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Doc. 45). Plaintiffs filed a Memorandum in Opposition to Motion to Dismiss (Doc. 40). The United States then filed a joint Response in Opposition to Motion to Amend and Reply in Support of Motion to Dismiss (Doc. 42). Thereafter, Plaintiffs filed a Reply in Support of the Motion to Amend (Doc. 44).

---

[1] Plaintiffs filed the first Complaint (Doc. 3) on September 9, 2020, which included the full name of N.B., the minor Plaintiff. This Court then ordered Plaintiffs to file a new version of the Complaint to include only N.B.'s initials. (9/11/2020 Notation Order.) Plaintiffs refiled the Complaint (Doc. 13), which solely amended the original filing (Doc. 3) by including N.B's initials. Thus, the Court shall consider the corrected Complaint (Doc. 13) as Plaintiff's original complaint.

For the reasons below, the United States' Motion to Dismiss (Doc. 21) is **GRANTED**, Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 39) is **DENIED**, and Plaintiffs' Motion to Strike Defendant's Request for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Doc. 45) is **DENIED**. The claims against the remaining Defendants shall be **REMANDED** to the Court of Common Pleas of Hamilton County, Ohio.

## BACKGROUND

### I. Factual Allegations

From April through November 2015, Ms. Bray received medical treatment from Defendants related to her pregnancy with N.B. (Complaint, Doc. 13, ¶¶ 21-55.) Due to Defendants alleged medical negligence, N.B. now suffers "permanent injuries and damages" resulting from "the sequela of hypoxic-ischemic encephalopathy." (*Id.* at ¶ 55.) Plaintiffs bring this action against Defendants alleging medical negligence and loss of filial consortium. (*Id.* at ¶¶ 56-116.)

### II. Procedural History

Plaintiffs first brought this action in Hamilton County Court of Common Pleas on April 30, 2020. (*See* Notice of Removal, Doc. 1.) On September 9, 2020, Defendant Dr. Timothy Thress removed the action to this Court. (*Id.*) That same day, the United States filed a Notice of Substitution (Doc. 2), substituting the United States for Dr. Thress as Defendant pursuant to 42 U.S.C. § 233(a). The United States' notice stated that, "at the time of the alleged incident out of which Plaintiffs' action arose," Dr. Thress was an employee of HealthSource of Ohio, Inc. ("HealthSource"). (Notice of Substitution, Doc. 2, Pg. ID 127.) During the relevant time period, HealthSource was "an entity 'deemed' to be

2

an employee of the Public Health Service," which in turn, meant that Dr. Thress was also

"'deemed' to be an employee of the Public Health Service." (*Id.*) Resultantly, this action

constitutes "a tort action brought against the United States" pursuant to the Federal Torts

Claims Act ("FTCA"), 28 U.S.C. § 233. (*Id.* at Pg. ID 128.)

Plaintiffs then filed a Motion to Remand on September 8, 2020, wherein they

argued that Dr. Thress was not actually a federal employee at the time of the alleged

incident. (*See* Motion to Remand, Doc. 20.) Simultaneously, the United States moved to

dismiss the claims made against it, and those related to Dr. Thress' care, for Plaintiffs'

failure to exhaust the FTCA's administrative remedies prior to filing suit. (*See* Motion to

Dismiss, Doc. 21.)

On either September 18 or September 24, 2022, Plaintiffs filed an administrative

claim with the Department of Health and Human Services relating to N.B.'s treatment.

(*See* Meredith Torres Declaration, Doc. 21-1, Pg. ID 389; Myles Poster Declaration, Doc.

40-1, Pg. ID 909.) To date, no decision has been made on the administrative claim. (Poster

Dec., Doc. 40-1, Pg. ID 909.)

The Court stayed briefing on the Motion to Dismiss pending adjudication of

Plaintiffs' Motion to Remand. (11/4/2020 Notation Order.) On January 6, 2023, this Court

denied Plaintiffs' Motion for Remand, finding that the United States' substitution under

the FTCA was proper because, at the time of the alleged incident, Dr. Thress was acting

as federal employee. (*See* Order and Opinion, Doc. 38.) The Court then lifted the stay on

the briefing of the Motion to Dismiss. (*Id.* at Pg. ID 843.)

On January 20, 2023, Plaintiffs sought leave to file an amended complaint. (*See*

Motion to Amend, Doc. 39.) Additionally, Plaintiffs filed a Motion to Strike Defendant's Request for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Doc. 52) on March 20, 2023.

## LAW & ANALYSIS

### I. Plaintiff's Motion for Leave to File First Amended Complaint

An amended complaint "supersedes the original pleading, thus rendering motions to dismiss moot." *O'Malley v. NaphCare, Inc.*, No. 12-cv-326, 2013 U.S. Dist. LEXIS 50970, at *2 (S.D. Ohio Apr. 9, 2013) (citing *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)). Thus, for convenience, the Court will first consider Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 39).

Under Federal Rule of Civil Procedure 15(a)(2), if a party is unable to amend its pleading as a matter of course pursuant to subsection (1), then "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Courts are authorized to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 is interpreted liberally and in favor of allowing parties to amend their pleadings. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Courts consider several factors in determining whether to allow a party to amend a pleading, such as "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (internal quotation marks omitted).

In their motion, Plaintiffs seek to amend the Complaint by (1) adding the United States and HealthSource as party defendants, (2) alleging additional facts that have

"come to light following the commencement of this case," and (3) adding a new cause of action challenging the constitutionality of the FTCA's administrative-claim statute of limitations, as applied to Plaintiffs. (*See* Proposed First Amended Complaint, Doc. 39-1, Pg. ID 859-92.) The United States opposes Plaintiffs' motion, arguing that each proposed amendment is futile. (*See* Response in Opposition to Motion to Amend and Reply in Support of Motion to Dismiss, Doc. 42.)

"When a district court denies a motion to amend because an amendment would be futile, its denial is based on the legal conclusion that the proposed amendment 'could not withstand a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss.'" *Hardy v. Cmty. Mental Health*, No.17-2181, 2018 U.S. App. LEXIS 18781, at *5 (6th Cir. July 10, 2018) (citing *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). As detailed below, the Court finds that each proposed amendment in Plaintiffs' Proposed First Amended Complaint could not withstand a Rule 12(b)(6) challenge and is, therefore, futile.

First, the proposed claims against the United States and HealthSource are futile because Plaintiffs failed to exhaust the FTCA's administrative remedies prior to filing suit. Plaintiffs maintain that these parties must be added to establish Dr. Thress' federal-employment status. (Motion to Amend, Doc. 39, Pg. ID 855.) The United States is already a defendant in this case, as the Court determined that it properly substituted itself for Dr. Thress as Defendant pursuant to the FTCA. (*See* Order and Opinion, Doc. 38.) Like Dr. Thress, Healthsource was a federal employee covered by the FTCA during the relevant time period in which Plaintiffs' claims arise. (Notice of Substitution, Doc. 2, Pg. ID 127.)

If HealthSource were added as a defendant, the United States would similarly have to substitute itself for HealthSource pursuant to the FTCA. *See* 42 U.S.C. § 233(a)-(c). And, before Plaintiffs can sue the United States, "the FTCA requires [them] to exhaust administrative remedies." *Kellom v. Quinn*, No. 20-1003/1222, 2021 U.S. App. LEXIS 26749, at *6 (6th Cir. Sept. 3, 2021, 2021) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)). As detailed more fully below, Plaintiffs failed to exhaust the FTCA's administrative remedies prior to the filing of this suit. Thus, the proposed claims brought against the United States and HealthSource are futile.

Second, the proposed additional facts are equally futile. The proposed facts center on Plaintiffs' (1) unawareness of Dr. Thress' employment status and (2) investigation into the cause of N.B.'s disability. (*See* Proposed First Amended Complaint, Doc. 39-1 ¶¶ 45-46, 48, 53, 56-79.) Plaintiffs maintain that these additional facts would excuse their delay in filing an administrative claim. (*See* Motion to Amend, Doc. 39, Pg. ID 852-53.) However, Plaintiffs' timeliness in filing their administrative claim does not affect the determination of whether they properly exhausted their claim prior to filing suit. *See Kellom*, 2021 U.S. App. LEXIS 26749, at *6 (To properly exhaust a FTCA administrative claim, "plaintiffs must first present their damages claim to the relevant governmental agency and pursue that claim until the agency renders a final decision."). Thus, Plaintiff's proposed facts have no bearing on the administrative exhaustion requirement and an amendment to add such facts would be futile.

Third, Plaintiffs' constitutional challenge to the FTCA's administrative-claim statute of limitations is futile. In the constitutional claim section of the Proposed First

Amended Complaint, Plaintiffs allege that the United States will argue that Plaintiffs' administrative claim is time barred pursuant to the FTCA. (Proposed First Amended Complaint, Doc. 39-1, Pg. ID 886.)[2] Plaintiffs request that the Court consider the constitutionality of the FTCA's statute of limitations if the United States' hypothetical argument "is found to possess merit." (*Id.*) However, the Court need not consider the FTCA's statute of limitations to determine that dismissal is appropriate here. Again, as detailed more fully below, Plaintiffs' administrative claim has not been properly exhausted. The Court's inquiry ends there—the Court need not then consider the timeliness of Plaintiffs' unexhausted-administrative claim. *See McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion . . . before invocation of the judicial process."). As Plaintiffs only request that the constitutionality of the FTCA's statute of limitations be considered if the United States' hypothetical timeliness argument has merit—which the Court has not found—Plaintiffs' constitutionality challenge of the FTCA's statute of limitations is futile.

Therefore, each of Plaintiffs' proposed amendments are futile and Plaintiffs' Motion to Amend (Doc. 39) must be denied.

## II.  Plaintiffs' Motion to Strike

Before the Court can consider the substance of the United States' Motion to Dismiss (Doc. 21), the Court must first address which procedural rule applies. The United States seeks dismissal under Federal Rule of Civil Procedure 12(b)(1), originally arguing

---

[2] The FTCA requires tort claims against the United States to be presented to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b).

that this rule governs disputes related to the administrative exhaustion of a FTCA claim. (*See* Motion to Dismiss, Doc. 21.) However, subsequent to the filing of the United States' motion, the Sixth Circuit held that the defense that a plaintiff failed to administratively exhaust a FTCA claim is reviewed for failure to state a claim under Rule 12(b)(6), rather than for a lack of jurisdiction under Rule 12(b)(1). *Kellom*, 2021 U.S. App. LEXIS 26749, at *3 (the administrative claim requirement is considered a claims processing rule rather than a jurisdictional requirement). Plaintiffs cite to *Kellom* in their response in opposition, arguing that the motion to dismiss must fail because it was brought under the incorrect procedural rule. (Memorandum in Opposition to Motion to Dismiss, Doc. 40, Pg. ID 897-98.) In its reply in support of its motion, the United States requested that this Court construe its motion to dismiss as brought under Rule 12(b)(6). (Response in Opposition to Motion to Amend and Reply in Support of Motion to Dismiss, Doc. 42, Pg. ID 913.)

Plaintiffs move to strike the United States' request that the Court review its motion to dismiss under Rule 12(b)(6). (*See* Motion to Strike, Doc. 45.) In support of its motion, Plaintiffs argue that the United States improperly raised this request for the first time in its reply. (*Id.* at Pg. ID 953-55.) Additionally, Plaintiffs maintain that construing the motion to dismiss as brought under Rule 12(b)(6) would restrict their ability to "develop a meaningful response" to the original motion. (*Id.* at Pg. ID 955.) The Federal Rules of Civil Procedure do not provide an avenue for a court to strike portions of filings other than pleadings. *See* Fed. R. Civ. P. 12(f). Rather, trial courts may exercise their inherent authority to control their dockets when determining whether to strike portions of filings. *Getachew v. Cent. Ohio Transit Auth.*, No. 2:11-cv-860, 2013 U.S. Dist. LEXIS 29895, at *2

8

(S.D. Ohio Mar. 5, 2013).

Plaintiffs fail to meet the heavy burden to justify striking the United States' request. As noted, Plaintiffs were fully aware of the correct procedural rule that applied to the United States' motion to dismiss, as they explicitly cite to it in their response and employ it to argue against dismissing this case. (Memorandum in Opposition to Motion to Dismiss, Doc. 40, Pg. ID 897-98.) In turn, this issue was not raised for the first time in the United States' reply brief. *See Lusk v. Lamin*, No. 2:20-cv-6064, 2022 U.S. Dist. LEXIS 56341, at *4 (S.D. Ohio Mar 29, 2022) (citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002)) ("It is well established that a party 'cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition.'"). Rather, the United States, in making its request to the Court, was responding to the argument brought forward in Plaintiffs' response in opposition.

Moreover, courts have previously excused the mislabeling of Rule 12(b) motions to dismiss and resolved those motions under the appropriate rule. *See, e.g., Knight v. Idea Buyer, LLC*, 723 Fed. Appx. 300, 302 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion."). Such construction is even more appropriate where, as here, the applicable procedural rule has changed subsequent to the original filing of the motion. Thus, Plaintiffs' Motion to Strike is not well taken. In the interest of judicial economy, this Court will treat the United States' Rule 12(b)(1) motion to dismiss as a mislabeled motion that should have been brought under Rule 12(b)(6). *See Carver v. United States*, No. 1:21-cv-869, 2022 U.S. Dist. LEXIS 41911, at * 7 (W.D. Mich. Feb. 11,

9

2022).

## III.   United States' Motion to Dismiss

Rule 12(b)(6) permits, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. R. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept a complaint's factual allegations as true and must construe such allegations "favorably to the pleader." *United States v. Royal Geropsychiatric Servs.*, 8 F. Supp. 2d 690, 693 (N.D. Ohio 1998). Courts are not bound to do the same for a complaint's legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff in the manner alleged. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

### a.   The FTCA's Administrative Exhaustion Requirement

The United States argues that Plaintiffs' claims against it must be dismissed because Plaintiffs have failed to exhaust the FTCA's administrative remedies before filing this suit. (*See* Motion to Dismiss, Doc. 21.) The Sixth Circuit has held that the FTCA's exhaustion requirement is not jurisdictional, but rather a claims-processing rule. *Kellom*, 2021 U.S. App. LEXIS 26749, at *9. Claims-processing rules must be enforced when

10

properly invoked. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). And in this case, the United States has properly raised—and the Court may properly consider—whether Plaintiffs properly exhausted the FTCA's administrative remedies before filing this suit against the United States. (*See* Motion to Dismiss, Doc. 21, Pg. ID 384-86.)

"Before plaintiffs can sue a federal employee, the FTCA requires them to exhaust administrative remedies." *Kellom*, 2021 U.S. App. LEXIS 26749, at *6 (citing *McNeil* 508 U.S. at 112). "That means plaintiffs must first present their damages claim to the relevant governmental agency and pursue that claim until the agency renders a final decision." *Id.* (citing 28 U.S.C. § 2675(a)). "If the agency doesn't resolve the claim to the party's satisfaction within six months, the plaintiffs can bring a lawsuit." *Id.*

Plaintiffs' failure to initiate their administrative claim and receive a final determination of that claim before filing this action is fatal. This case was originally filed in state court on April 30, 2020, then removed to this Court on September 8, 2020. (*See* Notice of Removal, Doc. 1.) Plaintiffs did not file an administrative claim with the Department of Health and Human Services until either September 18 or September 24, 2020. (Torres Dec., Doc. 21-1, Pg. ID 389; Poster Dec., Doc. 40-1, Pg. ID 909.)[3] "[C]ourts generally do not allow plaintiffs to attempt to cure an exhaustion deficiency while a claim is already pending before a federal court." *Elmore v. Harris*, No. 2:18-cv-2608, 2018 U.S.

---

[3] "A court may consider exhibits attached to the complaint . . . and to [the] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born,* 835 F.3d 623, 640 (6th Cir. 2014). These exhibits attached to the motion to dismiss briefings are central to the claims at issue because the exhaustion of administrative remedies is a precondition to filing suit in this Court. Thus, the Court may properly consider these declarations in this order.

Dist. LEXIS 219277, at *2 (W.D. Tenn. Oct. 3, 2019) (citing *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009)). Though Plaintiffs maintain that their claim is now procedurally exhausted (Memorandum in Opposition to Motion to Dismiss, Doc. 40), the conclusion remains the same. *See Darwish v. Pompeo*, 18-cv-01370, 2022 U.S. Dist. LEXIS 49706, at *13 (W.D.N.Y. March 21, 2022) ("When the exhaustion requirement is not met, the plaintiff's claims must be dismissed even when FTCA claims become administratively exhausted while the lawsuit is pending."). Plaintiffs did not properly exhaust their administrative remedies before filing this suit.

Plaintiffs alternatively argue that permitting them to amend their Complaint would cure any deficiency created by the premature filing of this case. (Memorandum in Opposition to Motion to Dismiss, Doc. 40, Pg. ID 898-99.) "[A]s a general rule, a premature complaint cannot be cured through amendment, but instead, [the] plaintiff must file a new suit." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993)). That is to say, "the failure to exhaust administrative remedies prior to filing suit cannot be remedied by amending the complaint at a later date." *Edwards*, 616 F. Supp. 2d at 117. "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the [] defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." *Elmore*, 2018 U.S. Dist. LEXIS 219277, at *2 (quoting *Duplan*, 188 F.3d at 1199).

Nevertheless, Plaintiffs maintain that this case has unique circumstances that should permit an amended complaint to constitute a new action. To support their

12

argument, Plaintiffs cite to cases outside of the Sixth Circuit wherein a "complaint had been filed without alleging any FTCA claims, and the plaintiff amended their complaint to allege FTCA claims for the first time after exhaustion had been achieved." (Memorandum in Opposition to Motion to Dismiss, Doc. 40, Pg. ID 900-01.) Of course, in describing those cases, Plaintiffs demonstrate how they are distinguishable from the one at hand. Plaintiffs' Proposed First Amended Complaint does not, for the first time, raise allegations forming the basis of a FTCA claim, because the original Complaint bring claims covered by the FTCA. (*See* Complaint, Doc. 13.) Thus, amending the Complaint would not excuse Plaintiffs' failure to exhaust their administrative claim.

Plaintiffs did not fully exhaust the FTCA's administrative remedies before instituting this current case against the United States. Thus, the claims against the United States must be dismissed.

### b. Prejudice and the FTCA's Administrative Claim Statute of Limitations

Having found that Plaintiffs' claims against the United States must be dismissed, the Court must next determine whether those claims should be dismissed with or without prejudice. The United States argues in their reply that not only has Plaintiffs' administrative claim not been exhausted, but that such a claim is also time barred. (*See* Response in Opposition to Motion to Amend and Reply in Support of Motion to Dismiss, Doc. 42.) The United States maintains that the case should be dismissed with prejudice because the opportunity for Plaintiffs to exhaust their administrative claim has expired, thereby effectively ending this litigation. (*Id.*) While it is true that the FTCA requires tort claims against the United States to be presented to the appropriate federal agency "within

13

two years after such claim accrues," 28 U.S.C. § 2401(a), the Court will not address the timeliness of Plaintiffs' administrative claim before it has been fully exhausted.

The general rule is that dismissals based on failure to exhaust administrative remedies are without prejudice. *Local Union 369, Int'l Bhd. Of Elec. Workers, AFL-CIO v. ADT Sec. Servs., Inc.*, 393 F.Appx. 290, 294 (6th Cir. 2010); *see also W.T. v. United States*, No. 5:21-cv-178, 2022 U.S. Dist. LEXIS 137768, at *18 (E.D. Ky. Aug. 3, 2022); *Carver*, 2022 U.S. Dist. LEXIS 41911, at *9 (all dismissing FTCA-related claims without prejudice when plaintiff failed to administratively exhaust those claims). This is because "Congress intended to require complete exhaustion . . . before invocation of the judicial process." *McNeil*, 508 U.S. at 112. The Court is unaware of any caselaw that requires a case be dismissed with prejudice when "return to the administrative process would be unsuccessful for failure to comply with a [statute of limitation time] period." *EEOC v. P.A.M. Transp., Inc.*, 2011 U.S. Dist. LEXIS 100329, at *14 (E.D. Mich. Sept. 7, 2011) ("The Court finds that none of the [cases cited by the defendant] require or even authorize the conclusion that this case be dismissed with prejudice."). In fact, in one instance, the Sixth Circuit held that the dismissal for failure to exhaust in a case should have been without prejudice despite the fact that "the distinction of with or without prejudice [was] of no practical import . . . since the time period within which a grievance could be filed expired long ago." *Local Union 369*, 393 F.Appx. at 294.

Therefore, dismissal of Plaintiffs' claims against the United States without prejudice is appropriate here.

**IV. Plaintiffs' Remaining State Court Claims**

As the Court is dismissing all of the claims against the United States, the Court declines to exercise its supplemental jurisdiction over the state-law claims against the remaining Defendants. Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction." *Wayne Watson Enterprises, LLC v. City of Cambridge,* 243 F. Supp. 3d 908, 928-29 (S.D. Ohio 2017) (quoting 28 U.S.C. § 1367(c)(3)). "The Sixth Circuit routinely emphasizes this provision in holding that a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Id.* (quoting *Rouster v. Cnty. of Saginaw,* 749 F.3d 437, 454 (6th Cir. 2014)). Courts should consider principles of federalism and comity in determining whether to exercise supplemental jurisdiction, and needless decisions of state law should be avoided. *Wayne Watson,* 243 F. Supp. 3d at 929 (citing *Rouster,* 749 F.3d at 454). Here, in light of the failure of Plaintiffs' claims against the United States, this Court will not address the state-law claims against the remaining Defendants.

In turn, the question is whether to dismiss these remaining claims without prejudice or remand them to state court. Whether to remand or dismiss a matter is left to the discretion of the district court. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 761 (6th Cir. 2000) (internal citations omitted). District courts should consider the values of economy, convenience, fairness, and comity when determining whether to remand the claims, rather than dismiss them. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988)). Here, Plaintiffs initially filed their action in state court, only to be removed by Dr.

15

Thress so that the United States could substitute itself for Dr. Thress as Defendant pursuant to the FTCA. (*See* Notice of Removal, Doc. 1; Notice of Substitution, Doc. 2.) Having weighed this factor, as well as the relevant considerations involving judicial economy, convenience, fairness to the parties, and comity, remand is appropriate here. *See McCoy v. MV Residential Prop. Mgmt., Inc.*, No. 2:14-cv-2642, 2016 U.S. Dist. LEXIS 47733, at *9-10 (S.D. Ohio Apr. 8, 2016) (remanding state law claims to state when plaintiff originally sought to pursue her claims in state court); see *also Wayne Watson*, 243 F. Supp. 3d at 929 (remanding state law claims to common pleas court).

## CONCLUSION

Thus, the Court **ORDERS** the following:

(1) Plaintiffs N.B., a Minor, by her Parents, Natural Guardians, and Next Friends, Dwan Bray and Aaron Bray's Motion for Leave to File First Amended Complaint (Doc. 39) is **DENIED**.

(2) Plaintiffs N.B., a Minor, by her Parents, Natural Guardians, and Next Friends, Dwan Bray and Aaron Bray's Motion to Strike Defendant's Request for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Doc. 45) is **DENIED**.

(3) Defendant United States of America's Motion to Dismiss (Doc. 21) is **GRANTED**. All claims brought against the United States of America are **DISMISSED WITHOUT PREJUDICE.**

(4) The claims against the remaining Defendants are **REMANDED** to the Court of Common Pleas of Hamilton County, Ohio.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND